Dear Mr. Carriere:
This office is in receipt of your request for an opinion of the Attorney General in regard to the oath of office for the Deputy Coroner, Assistant Coroner, Investigator or any other employee of the Coroner's office, and notification of appointments.
You ask the following:
 1. Whether the oath under R.S. 42:52 is required for personnel of the Coroner; and
 2. If so, does the Coroner have the power to administer the oath, or who may administer the oath.
 3. If an oath is required, where must the oath of office be filed and who bears the cost associated with this filing.
 4. Should a formal letter from the Coroner to his personnel informing them of their appointment be issued and who is the custodian of those records.
R.S. 42:52 provides no person owing allegiance to the United States shall be employed by the State or any political subdivision thereof unless he files the following written statement with the appropriate appointing authority:
 I (A.B.) do solemnly swear (or affirm) that I will support the constitution and laws of the United States and the constitution and laws of this State; and I will faithfully and impartially discharge and perform all the duties incumbent upon me as * * *, and according to the best of my ability and understanding. So help me God.
Art. 10, Sec. 30 of the Constitution of 1974 likewise requires every official take the identical oath or affirmation.
We find the personnel of the coroner must take the oath inasmuch as R.S. 42:52 clearly provides no person shall be employed by any political subdivision of the state unless he files the written affirmation. However, we do not find authority for the Coroner to administer the oath unless qualified to administer oaths in some other capacity.
This office had observed in Atty. Gen. Op. No. 81-46 that the legislature had limited the sheriff's power to administer oaths to the occasion when the oath is being administered to property appraisers, and unless appointed notaries publics, the sheriffs do not have the authority to administer oaths and take affidavits.
Following this logic, we find a coroner does not have the power to administer this oath, but only has power to administer an oath under C.Cr.P. Art. 103 wherein it is provided in the course of a coroner's investigation at a hearing a witness shall be sworn by the coroner or another person authorized to administer the oath. We conclude his power to administer an oath has been limited by the legislature to this situation unless he is also notary republic.
While we find the oaths required under R.S. 42:52 can only be performed by someone authorized to administer oaths, we conclude the written oath is retained by the coroner for all his personnel except a deputy coroner. In R.S. 41:52 which mandates the taking of the written statement, it further provides no person shall be employed until he files the written statement "with the appropriate appointing authority". R.S. 33:1555
authorizes a coroner to appoint deputy or assistant coroners and any other necessary help such as secretaries and investigators. Thus, as "appointing authority" he would retain the written oath of his personnel.
However, the deputy coroner under R.S. 33:1555 "shall possess the same qualifications as the coroner", and the court has found, like the coroner, he is a public official, Cloud v.State, 420 So.2d 1259 (La.App. 1982). Accordingly, under R.S. 42:162 the oath of affirmation of all officers of the state shall be deposited in the office of the secretary of state to be recorded by him, and the oath of all parish officers "shallalso be recorded in the clerk's office of the parish where the same may have been administered to be recorded by the clerk in a book kept for that purpose".
We find the cost for such recordation should be borne by the parish in accordance with R.S. 33:1556B(1) that requires all necessary and unavoidable expenses incident to the operation of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary and unavoidable. By law, the recordation is necessary and unavoidable.
We find no statutory provisions applicable to notification for appointees of their appointment by the coroner, nor do we find anything which would prohibit notification by a formal letter of an appointment by the coroner. In fact, this would appear to be an appropriate method for appointment. However, while copies of the appointments should be retained by the coroner, it would appear advisable that copies of the appointments be given to the governing authorities since the salaries of these appointees may be the obligation of the governing authorities when the coroner himself is salaried, R.S. 33:1555.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/BBR/JMR:cwr